UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
WINDWARD BORA LLC,

                          Plaintiff,

       -against-

ADIN ARGUETA and IRMA REYES,

                          Defendants.
------------------------------------------------------------------------X

<u>For Online Publication Only</u>

**<u>ORDER</u>**
18-cv-01783 (JMA) (GRB)

**FILED**
**CLERK**

2/5/2019 10:24 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

The instant action was brought to foreclose on a mortgage encumbering the property at 5 Doolittle Street, Brentwood, New York 11717 (the "Subject Property"). (<u>See</u> Verified Compl., ECF No. 1.) Before the Court is the motion of plaintiff Windward Bora (the "Plaintiff") for default Judgment of Foreclosure and Sale against defendants Adin Argueta and Irma Reyes (the "Defendants") pursuant to Fed. R. Civ. P. 55(a) and Local Civil Rule 55.2. (ECF No. 16.) For the reasons stated herein, Plaintiff's motion is GRANTED, and Plaintiff is awarded damages and additional relief as described below.

## I. DISCUSSION

### A. <u>Defendants Defaulted</u>

Defendants were properly served in the action, but have not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action.

### B. <u>Liability</u>

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. <u>Finkel v. Romanowicz</u>, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. <u>Id.</u>

Under New York law, "a plaintiff in an action to foreclose a mortgage [must] demonstrate: 'the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment.'" Gustavia Home, LLC v. Bent, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018) (citing Campaign v. Barba, 805 N.Y.S.2d 86 (2d Dep't 2005)). Here, Plaintiff appends to the Complaint copies of the mortgage, the mortgage note, the assignment of that mortgage to Plaintiff, and the default and 90-day notices sent to Defendants. (Verified Compl. Exs. B–E, ECF No. 1-1.) This documentary evidence, together with the allegations in the complaint, are sufficient to establish the Defendants' liability. Thus, Plaintiff has established its right to foreclose upon the Subject Property and a judgment of foreclosure will be entered appointing Plaintiff's recommended Referee, Kevin G. Snover, Esq., as Referee to effectuate the sale of the Subject Property.

**C. Damages**

In addition to foreclosure of the Subject Property, plaintiff requests an award of monetary damages. "'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

Plaintiff seeks recovery of the principal balance of $58,063.00 owed by the Defendants on the Note and Mortgage, together with interest in the amount of $56,083.68 from May 22, 2007 through June 1, 2018. The Court finds that Plaintiff's submissions, including the Affidavit of

Statement of Damages sworn by Yonel Devico, a Member of the Plaintiff, together with the exhibits annexed to the Complaint, establish the damages to a reasonable certainty, including pre-judgment interest of 8.75% per annum. Accordingly, Plaintiff is awarded $58,063.00 in damages and $56,083.68 in interest for a total award of $114,146.68.

## II. CONCLUSION

For the reasons stated above, Plaintiff's motion for a default Judgment of Foreclosure and Sale against Defendants is granted and Plaintiff is awarded a total of $114,146.68 in principal and interest calculated through June 1, 2018. The Court will enter a Judgment of Foreclosure and Sale consistent herewith, at which time the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: February 5, 2019
       Central Islip, New York

                                                  /s/   (JMA)
                                       JOAN M. AZRACK
                                       UNITED STATES DISTRICT JUDGE